Parnell Fox (SBN 186519)
LAW OFFICES OF PARNELL FOX
4908 Lakewood Court
Visalia, California 93291
Telephone: (310) 890-0435
Facsimile: (310) 776-6918
Email: parnellkirby@yahoo.com

Attorney for Plaintiff
LORENA LOPEZ

SEYFARTH SHAW LLP
Mark P. Grajski (SBN 178050)
Email: mgrajski@seyfarth.com
Anthony J. Musante (SBN 252097)
Email: amusante@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendants
DEVRY UNIVERSITY, INC. and JOSEPH COPPOLA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DEVRY UNIVERSITY, INC.; an Illinois corporation; JOSEPH COPPOLA; an individual; and DOES 1-100, inclusive,<br><br>　　　　　Defendants. | Case No.: 1:13-CV-00844-AWI-MJS<br><br>**STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, in the course of discovery in the above-entitled litigation, the Parties will propound discovery and seek information which may be of a confidential nature;

///

///

WHEREAS, the Parties to this litigation agree that "Confidential Information" defined and timely designated as described below in this stipulation should be protected from unwarranted use or disclosure;

IT IS THEREFORE HEREBY STIPULATED AND AGREED BY THE PARTIES TO THIS LITIGATION THROUGH THEIR UNDERSIGNED ATTORNEYS OF RECORD THAT:

1. For purposes of this Stipulated Protective Order, the term "Confidential Information" includes information that is private, highly sensitive, or proprietary. The Parties agree and stipulate that Confidential Information might include, but is not limited to, the following types of information: (1) documents or information concerning past or current employees of Defendant DeVry University, Inc. ("Entity Defendant"); (2) financial records and information concerning or related to an individual and/or Entity Defendant; (3) documents or information related to the Entity Defendant's business operations that are not available to the general public and; (4) documents or information related to the Entity Defendant's policies and procedures that are not available to the general public.

2. To the extent either Party produces any documents or prepares any written discovery response(s) that she/it in good faith believes contain "Confidential Information," the producing Party shall designate the documents or written discovery responses as "CONFIDENTIAL." In the case of documents, the Party contending that some of the information on a given document is Confidential Information has the burden of designating the document(s) by stamping each such document "CONFIDENTIAL" prior to its production. In the case of written discovery responses, if a Party contends that a particular response contains Confidential Information it shall produce said response on a separate pleading to be served concurrently with the non-confidential responses. The title of the separate responsive discovery document should indicate that said responses are "CONFIDENTIAL."

3. Any designation of deposition testimony (or exhibits referred to therein) as Confidential Information shall be made at the time such testimony is given. When transcripts of any such deposition testimony are prepared, the reporter shall conspicuously mark each page on which testimony that concerned Confidential Information appears with an appropriate legend signifying its confidential status, and shall place the following legend on the cover of the transcript containing the following: "This transcript contains Confidential Information subject to a Stipulated Protective Order."

4. This Stipulated Protective Order shall control the use and disclosure of all Confidential Information contained in documents, communications, and other information produced in connection with the discovery propounded by either Party in this litigation. In the event Confidential documents, communications, or other information has been produced by either party prior to the execution of this Stipulated Protective Order, the producing party may retroactively designate such information as Confidential Information. If the non-designating party disputes the Confidential designation, then the non-designating party shall, consistent with the terms in paragraph 8 below, give notice in a reasonable time to the opposing attorneys of record of such objection and the Parties shall make a reasonable, good faith effort to resolve the issue. If the Parties are unable to resolve the issue, the objecting party may move the Court for appropriate relief. Pending the Court's ruling on any such motion, the information shall continue to be treated as "CONFIDENTIAL" under this Stipulated Protective Order. This Stipulated Protective Order shall not restrict any Party's ability to use or disclose public information obtained from any non-party and/or compiled from independent sources. The parties reserve the right to seek some additional form of protection from the Court for certain documents which may include an "attorney's eyes" only designation or an *in camera* review by the Court.

5. Confidential Information shall not be used by or disclosed to any other person except as set forth below, unless agreed to in writing by counsel for the Party who in good faith designated said information Confidential Information:

a. The named Parties, including dismissed Defendant Joseph Coppola;

b. The above-entitled Court, court reporter(s) and third party witnesses in connection with giving or taking testimony in this litigation by deposition or at trial; provided that such third party witnesses agree in writing to follow the terms and conditions of this Stipulated Protective Order prior to receipt of any documents subject to this Stipulated Protective Order.  After third party witnesses have agreed in writing to follow the terms and conditions of this Stipulated Protective Order, they may only be shown copies of documents marked "CONFIDENTIAL" in preparation for giving testimony and during their testimony while in the presence of either Party's attorney of record.  Third Party witnesses may not retain any materials containing Confidential Information and counsel for the Parties shall use best efforts to ensure third party witness compliance.

c. Legal counsel, attorneys of record, their associated attorneys, and their support staff, including financial, paralegal, and clerical personnel who are employed or retained by attorneys of record and who will be involved in the preparation for, and the trial of, this litigation; and

d. Experts or consultants, not including Parties, who are requested by counsel to furnish technical or other expert services or to give testimony or otherwise to prepare for the trial of this litigation.  Experts or consultants retained by the Parties are required to agree in writing to follow the terms and conditions of this Stipulated Protective Order prior to receipt of any documents subject to this Stipulated Protective Order.

6. Material (*e.g.*, documents, testimony, discovery responses) designated as Confidential Information pursuant to this Stipulated Protective Order, the information contained therein, and any summaries, copies, or abstracts, or other documents derived in

whole or in part from such Confidential Information shall be used only for the purposes of this litigation and not for any business or other purpose.

7. In the event any Confidential Information is used in any court or proceeding in this litigation, it shall not lose its confidential status through such use, and the Party using such Confidential Information shall protect its confidentiality during such use.

8. If a Party or their attorneys of record object to another Party's designation of information as "CONFIDENTIAL," that Party shall give notice in a reasonable time to the opposing attorneys of record of such objection and the Parties shall make a reasonable, good faith effort to resolve the issue. If the Parties are unable to resolve the issue, the objecting party may move the Court for appropriate relief. Pending the Court's ruling on any such motion, the information shall continue to be treated as "CONFIDENTIAL" under this Stipulated Protective Order.

9. The Parties agree that in the spirit of promoting discovery, if either Party produces a document that may or does fall into a potentially protected non-discoverable category (such as attorney-client, attorney work product, and/or proprietary and trade secrets), the Party receiving such document agrees that the production of said document does not waive the protection of the document if the producing Party notifies the receiving Party of the confidential nature of the document. If the document is properly designated as privileged under the attorney-client privilege or attorney-work product doctrine, said privileged document will be withheld from any and all persons, including those listed in paragraph 5, returned immediately to the producing Party, and precluded from use as evidence in this matter.

10. This Stipulated Protective Order shall not impact a Party's right to object to any discovery request on any grounds.

11. This Stipulated Protective Order shall be without prejudice to the rights of the Parties to apply for additional or different protection if they deem it necessary.

1  12. Upon final termination of this litigation, any originals or reproductions of
2  any documents marked "CONFIDENTIAL" shall be returned to the Party (at its expense)
3  who made the designation. The terms of this Stipulated Protective Order shall continue
4  to bind the Parties after this litigation is concluded.

5  13. This Stipulated Protective Order shall remain in effect until another order
6  modifies, supersedes or terminates it.

7  14. This Agreement may be executed in counterparts, each of which shall be
8  deemed an original, but all of which together shall constitute one and the same
9  instrument. The Parties agree that signatures transmitted or received via facsimile shall
10 be fully acceptable to them.

**IT IS SO STIPULATED.**

Dated: March 6, 2014          Respectfully submitted,

                              LAW OFFICES OF PARNELL FOX


                              By:_/s/ Parnell Fox_____
                                  Parnell Fox

                              Attorney for Plaintiff LORENA LOPEZ

Dated: March 7, 2014          Respectfully submitted,

                              SEYFARTH SHAW LLP


                              By:___/s/Anthony Musante_____
                                  Mark P. Grajski
                                  Anthony J. Musante

                              Attorneys for Defendant DEVRY UNIVERSITY, INC.

## **ORDER**

Good cause appearing, the above Stipultation is accepted and adopted as the Order of this Court. Nothing herein, however, abrogates or excuses compliance with

1  Court rules regarding prerequisites for filing documents under seal.

3  IT IS SO ORDERED.

5  Dated:   March 10, 2014              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE